# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. SEVERSON,<br><br>   Plaintiff,<br><br> v.<br><br>F. IGBINOSA, et al.,<br><br>   Defendants.<br>_____/ | CASE NO. 1:10-cv-02217-AWI-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; AND DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Docs. 1, 2, 3)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.**   **Dismissal of Action**

  Plaintiff Timothy J. Severson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint, a motion to proceed in forma pauperis, and a motion for preliminary injunction, filed on November 30, 2010. (Docs. 1, 2, 3.) Plaintiff alleges that he is under imminent threat of serious, life threatening injury due to his pain medication being terminated. He is requesting injunctive relief while his inmate appeal is exhausted.

  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required

regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5). There is no exception to the exhaustion requirement for imminent harm. Because it is clear from the face of Plaintiff's complaint that he has not yet exhausted, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343 (9th Cir. 2009) (unpublished). Since Plaintiff has failed to exhaust his administrative remedies this action should be dismissed and the motion to proceed in forma pauperis denied as moot.

///

///

## II. Preliminary Injunction

### A. Factual Allegations

Plaintiff seeks a preliminary injunction requiring Defendants to continue his pain medication regimen during the pendency of his inmate appeal. Plaintiff allegedly suffers from severe back pain due to an injury to his lower back. In September 2009, while housed at Folsom State Prison, Plaintiff was given an epidural steroid injection and placed on an experimental "drug cocktail" by a pain management specialist, Dr. Bai. Upon being transferred to Pleasant Valley State Prison, Defendant Taherpour examined Plaintiff on September 21, 2010, and discontinued the "drug cocktail." Plaintiff alleges that this was due to Defendant Igbinosa instituting an unwritten policy to discontinue pain medication as a means to cut overall health care costs. Due to the "drug cocktail" being discontinued, Plaintiff is suffering intense, disabling pain.

### B. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison

3

conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

At this stage in the action the Court cannot make a finding that Plaintiff is likely to prevail on the merits in this action because (1) he has failed to exhaust his administrative remedies; (2) a difference of opinion between a prisoner and prison medical authorities as to proper treatment does not give rise to a claim, <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1355 (9th Cir. 1981); <u>Mayfield v. Craven</u>, 433 F.2d 873, 874 (9th Cir. 1970); and (3) a difference of opinion between medical providers regarding treatment does not amount to deliberate indifference, <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, in the absence of a viable claim against Defendants in this action the Court lacks jurisdiction and Plaintiff may not obtain the requested relief. <u>Summers</u>, 129 S. Ct. at 1149-50; <u>Mayfield</u>, 599 F.3d at 969; Local Rule 231.

However, given the seriousness of the allegations in Plaintiff's motion and their relatedness to the legal issues in this case, the Court will, by separate order, notify the Receiver's Office of Plaintiff's claims that his chronic pain medication has been discontinued, leaving him in severe pain.

**III.   Conclusion and Recommendation**

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims prior to filing suit, the motion to proceed in forma pauperis be denied as moot, and the motion for preliminary injunction be denied for lack of jurisdiction.

This finding and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this finding and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objection to Magistrate Judge's Finding and Recommendation." Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     December 9, 2010

_____
UNITED STATES MAGISTRATE JUDGE