# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. SEVERSON, | CASE NO. 1:10-cv-02217-AWI-GBC PC |
| Plaintiff, | ORDER FINDING COGNIZABLE CLAIMS AND ALLOWING PLAINTIFF TO FILE AN AMENDED COMPLAINT |
| v. | |
| F. IGBINOSA, et al., | (Docs. 1, 2, 11) |
| Defendants. | ORDER VACATING FINDINGS AND RECOMMENDATIONS |
| | (Doc. 8) |
| | THIRTY-DAY DEADLINE |

**I.    Procedural History**

Plaintiff Timothy J. Severson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is the complaint and a motion for preliminary injunction, filed on November 30, 2010. (Docs. 1, 2.) On December 9, 2010, the Magistrate Judge issued findings and recommendations recommending this action be dismissed for failure to exhaust administrative remedies and the motion for preliminary injunction be denied. (Doc. 8.) Plaintiff filed an objection on January 4, 2011, stating that the prison is obstructing his ability to exhaust administrative remedies by failing to process his inmate appeals. (Doc. 11, p. 1.) Plaintiff alleges that he submitted inmate appeals on September 21 and 29, 2010, and October 3 and 22, 2010. (Id.) Plaintiff states that none of the appeals have been considered at any level of review. (Id., pp. 1-2.) Based upon Plaintiff's allegations that he is being obstructed from

1

pursuing his administrative remedies, the Court will vacate the findings and recommendations issued December 9, 2010. (Doc. 8.)

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555). However, although the pleading standard is now higher, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 611 F.3d 1202, 1204-05 (9th Cir. 2010) (citations omitted).

## III. Plaintiff's Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

is incarcerated at Pleasant Valley State Prison ("PVSP"). In February 2006, while housed at Folsom State Prison ("FSP"), Plaintiff reinjured his lower back while loading trash bags into a truck during his work assignment. (Doc. 1, Comp., ¶ 23.) An M.R.I. was performed and a neurosurgeon was consulted. (Id., ¶¶ 25-27.) In July 2008, Plaintiff was referred to a pain management specialist who recommended treatment which medical personnel at FSP followed. (Id., ¶ 28.) On March 4, 2009, Plaintiff was referred to another pain management specialist and in September 2009, the specialist performed an epideral steriod injection and prescribed "an experimental pain management 'drug cocktail.'" (Id., ¶¶ 30-32.) On September 30, 2009, Plaintiff was declared to be mobility impaired due to his chronic lower back pain and "mandated" to be transferred to PVSP Medical Facility. (Id., ¶ 33.) Plaintiff was transferred to PVSP on February 10, 2010. (Id., ¶ 1.)

Plaintiff states that since he arrived at PVSP he has been denied meaningful treatment as medical personnel have only provided him with pain management medication, not the long term pain management regimen that was prescribed at FSP. (Id., ¶34.) Plaintiff has submitted approximately twenty six health care request forms while at PVSP. He has been suffering from acute rectal pain with involuntary bowel movements and urination since March 2010, and experiencing difficulty sleeping and performing daily functions due to his "extreme, debilitating lower back pain." (Id., ¶¶ 8-9.) Plaintiff alleges that Defendant Igbinosa, Chief Medical Officer, ordered medical staff not to process any health care service requests for appointments to renew pain management medication prescriptions. (Id., ¶ 13.)

On September 15, 2010, the Men's Advisory Council sent a letter to Defendant Igninosa alleging that it appeared that a number of men on long term pain medication were being taken off of or cut back on their medication. The letter stated that Defendant Chokatos was consistently denying or reducing pain medication. (Id., pp. 47-49.)

On September 21, 2010, Plaintiff was seen by Defendant Taherpour for routine pain management to have his prescription renewed. Defendant Taherpour discontinued part of the pain management drug therapy. Plaintiff was concerned that he would be unable to sleep without the medication and Defendant Taherpour advised Plaintiff that he would be able to get the medication again, but to give the new treatment some time. (Id., ¶14.) On September 24, 2010, Plaintiff became

3

aware that Defendant Taherpour was not going to renew his pain management prescriptions and submitted nine health care request forms to have another doctor renew his prescriptions before they expired on October 2, 2010. (Id., ¶ 17.)

On October 2, 2010, his medication had not been renewed and Plaintiff suffered narcotic withdrawal, as well as intense pain. (Id., ¶ 18.) On October 4, 2010, Plaintiff was forced to walk to the medical department and passed out from the pain. (Id., ¶ 19.) Due to the intense pain Plaintiff had an abnormally high blood pressure reading, which he alleges caused him to be at an increased and unnecessary risk of stroke or heart attack. (Id., ¶ 20.)

Defendants Chokatos and Fortune are PVSP medication personnel and are assigned as primary care providers for Plaintiff and C-Facility. (Id., ¶ 4.) Plaintiff brings this action against Defendants Igbinosa, Chokatos, Fortune, and Taherpour for deliberate indifference to his medical needs in violation of the Eighth Amendment. He is seeking a preliminary injunction and temporary restraining order to stay Defendants from changing his pain management prescriptions until the inmate appeals process has been exhausted. (Id., § V.)

In his objection to the findings and recommendations Plaintiff objects to the factual allegations. Plaintiff states he has been suffering from intense lower back pain for the past four to five years and has been prescribed multiple medications to treat his pain. (Doc. 11, p. 4.) Plaintiff states that this is not simply a difference of opinion between medical providers or between him and his physician. (Id., pp. 5, 9.) Plaintiff appears to interpret the findings and recommendations to infer that his medical condition is not serious. The Court recognizes that Plaintiff's complaint states a serious medical need. Although Plaintiff complains that he has been denied all medical treatment for his back pain, he is receiving pain medication. (Id., p. 4.)

Plaintiff's pain medication expired in September 2010, prior to the medical department renewing his prescription. (Id., pp. 5-6, 8.) On December 9, 2010, Plaintiff missed a medical appointment due to having a migraine headache. He requested to be taken to the medical unit by wheelchair and was refused. Plaintiff has submitted medical requests to have another appointment scheduled before his pain medication expired on December 21, 2010. (Id., p. 9.) On December 22, 2010, Plaintiff passed out due to pain and he alleges that prison staff made an announcement over

4

the public address loud speaker that he was faking his medical condition. As of December 24, 2010, Plaintiff had still not received his medication and was experiencing narcotic withdrawal. (Id., p. 10.) Plaintiff alleges that due to the Court notifying the Receiver's Office of his complaint he is suffering retaliation by prison staff. (Id., p. 11.)

Plaintiff brings this suit requesting a preliminary injunction and temporary restraining order prohibiting Defendants from making any changes to his pain medication until his inmate appeals have been exhausted. Although Plaintiff has requested a preliminary injunction, the Court construes the complaint to be seeking a permanent injunction at the conclusion of the action if Plaintiff prevails on the claim of deliberate indifference to his medical needs in violation of the Eighth Amendment. Plaintiff's complaint is sufficient to state a cognizable claim against Defendant Taherpour for deliberate indifference to his medical needs, but fails to state a claim as to any other named defendant. Due to the allegations in the complaint, the Court will order service of the complaint on Defendant Taherpour. Plaintiff will be granted an opportunity to file an amended complaint, if he desires, to state a claim against the other defendants.

**IV. Discussion**

**A. Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)). However, where a prisoner takes reasonable appropriate steps to exhaust his administrative remedies and is precluded through no fault of his own the exhaustion requirement may be excused. Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); see also Ngo, 539 F.3d at 1110 (suggesting that exhaustion may be excused where prison officials obstruct the prisoners

5

attempt to exhaust or where procedures for processing inmate grievances are not followed by officials). Plaintiff's allegations that prison officials are not processing his inmate appeal, if determined to be true, would excuse the exhaustion requirement. Nunez. 591 F.3d at 1226.

### B. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010) (quoting Jett, 439 F.3d at 1096).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Conn, 591 F.3d at 1095 (quoting Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard." Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegations that on two occassions Defendant Taherpour allowed his narcotic medication to expire causing him to suffer withdrawal symptoms is sufficient to state a cognizable claim. The complaint fails to show that any other defendant was aware of Plaintiff's serious medical need and failed to act in response. Conn, 591 F.3d at 1095. Plaintiff provides a letter sent by the Men's Advisory Council to Defendant Igbinosa alleging that it appeared that Defendant Chokatos was consistently denying or removing long term pain medication from some inmates. However, the complaint does not allege that Defendant Chokatos treated Plaintiff or had anything to do with the decision to change Plaintiff's medication. Neither Defendant Igbinosa nor Chokatos has been linked to any knowledge of Plaintiff's medical need or an act or failure to act in response. Iqbal, 129 S. Ct.

6

at 1948. The factual allegations in the complaint do not mention Defendant Fortune, other than to state he was a physician at the facility, which is insufficient to state a cognizable claim.

### C. Injunctive Relief

#### 1. Prison Litigation Reform Act

Initially, Plaintiff is advised that the Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

#### 2. Temporary Restraining Order

"A temporary restraining order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." Whitman v. Hawaiian Tug and Barge Corp./Young Bros. Ltd. Salaried Pension Plan, 27 F.Supp.2d 1225, 1228 (D. Haw. 1998). The factors considered for issuing a temporary restraining order are the same as the standards for issuing a preliminary injunction. Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008).

#### 3. Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010) (quoting Winter, 129 S. Ct. at 374). Alternately a preliminary injunction may issue if the moving party demonstrates that serious questions going to the merits of the case are raised and the balance of hardships tips sharply in his favor as long as there is a showing that the injunction is in the public interest and there is a likelihood of irreparable injury. Alliance

for Wild Rockies, 622 F.3d at 1053. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

Plaintiff has raised serious questions going to the merits of this action. He has suffered and is likely to continue to suffer injury by being removed from his narcotic medication and having withdrawal symptoms. Since Plaintiff has filed this action he was deprived of his medication a second time on December 21, 2010, which could indicate a continuing pattern of conduct by Defendant.

The Court will assume, without deciding, that the pain Plaintiff would suffer from being deprived of his pain medication and the symptoms he would experience from "cold turkey" withdrawal would constitute irreparable injury. The physical pain and suffering that Plaintiff would endure from being deprived of his medication, when balanced with the expense of providing Plaintiff with appropriate medication, tips the equities in Plaintiff's favor. The public interest would be in providing appropriate medical care to inmates who have no other way of obtaining healthcare.

Whether Plaintiff is likely to prevail on the merits of the case is unable to be determined with the evidence before the Court. While Plaintiff alleges that he has been obstructed in exhausting his administrative remedies, the Court is unable to make such a finding based upon the evidence presented. Although the Court does find that the complaint states a cognizable claim, the standard for issuing a preliminary injunction is much higher.

Plaintiff alleges that he has been denied all healthcare, but he is receiving pain medication. Additionally, Plaintiff alleges that Defendant Taherpour was refusing to renew his prescription for morphine sulfate on October 2, 2010, however Plaintiff's objection stated that he was on morphine sulfate until his prescription expired on December 21, 2010. Based upon the allegations in the complaint it is unclear if Plaintiff is being denied all medication or just is desiring a specific medication to treat his pain. Where Plaintiff is merely disagreeing with the physician on how he is being treated he would be unlikely to prevail on the merits of his claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). Additionally, Plaintiff is contending that he is not being provided the treatment that was recommended and he was receiving at FSP. The mere difference in opinion between medical

8

providers as to the treatment provided is also not sufficient to allow Plaintiff to prevail in this action. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

The Court recognizes that it is Plaintiff's position that this is not merely a difference of opinion between him and his doctor or between medical providers, but his opinion of the action is not sufficient to issue a preliminary injunction. The question must be decided based upon the evidence before the Court. Therefore, the Court will require Defendant to file a response to the motion for a preliminary injunction so the Court may further consider these issues.

**V.      Conclusion and Order**

Plaintiff's complaint states a cognizable claim against Defendant Taherpour for deliberate indifference in violation of the Eighth Amendment, but does not state any other claims for relief under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Taherpour on the Eighth Amendment claim, Plaintiff may so notify the Court in writing. The other defendants and claims will then be dismissed for failure to state a claim.[1]

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal,129 S. Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal, 129 S. Ct. at 1950. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

---

[1] An order directing the Marshal to serve Defendant Taherpour will be issued by separate order.

9

be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The findings and recommendations issued December 9, 2010, are vacated;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendant Taherpour; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   January 19, 2011

UNITED STATES MAGISTRATE JUDGE