# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. SEVERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>F. IGBINOSA, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-02217-AWI-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(Docs. 1, 2, 13, 14, 16)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Timothy J. Severson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on November 30, 2010, requesting a preliminary injunction during the pendency of his inmate appeal. (Doc. 1) On December 9, 2010, the Court screened the complaint and issued findings and recommendations recommending the action be dismissed for failure to exhaust administrative remedies and informing Plaintiff there was no exception for his failure to exhaust for imminent harm. (Doc. 8.) Plaintiff filed an objection on January 4, 2011, stating that he had attempted to exhaust administrative remedies, but his appeals were being intentionally delayed by prison officials. (Doc. 11, p. 3.) On January 20, 2011, the Court issued an order striking the findings and recommendations and ordering service on Defendant R. Taherpour. (Doc. 14.) On January 24, 2011, Plaintiff filed a motion for a stay and abeyance stating that his appeal had been partially granted. Plaintiff stated that he filed this action because he was not aware that there was no exception to the exhaustion requirement for

imminent danger. Plaintiff requests the Court stay the action pending exhaustion of his administrative remedies at which time he will request the Court to review the violations contained in his complaint because he cannot afford to pay multiple filing fees. (Doc. 16.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5). There is no exception to the exhaustion requirement for imminent harm. Because it is clear from the face of Plaintiff's complaint that he has not yet exhausted, this action must be

dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343 (9th Cir. 2009) (unpublished). Since Plaintiff has failed to exhaust his administrative remedies this action should be dismissed.

## II.   Conclusion and Recommendation

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims prior to filing; the motion for preliminary injunction be denied; the orders issued January 20, 2010, be vacated; and Plaintiff's motion for a stay and abeyance be denied.

This finding and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this finding and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objection to Magistrate Judge's Finding and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 25, 2011

UNITED STATES MAGISTRATE JUDGE