# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. SEVERSON,<br><br>                Plaintiff,<br><br>         v.<br><br>F. IGBINOSA, et al.,<br><br>                Defendants.<br>_____ / | CASE NO. 1:10-cv-02217-AWI-GBC PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS<br><br>(Doc. 1)<br><br>ORDER VACATING THE FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND ORDER FINDING COGNIZABLE CLAIMS AND ORDER DIRECTING USM TO SERVE COMPLAINT<br><br>(Docs. 13, 14, 19, 22)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO WITHDRAW MOTION FOR A STAY AND ABEYANCE AND WITHDRAWING MOTION<br><br>(Docs. 16, 20)<br><br>THIRTY-DAY DEADLINE |

I.      **Procedural History**

Plaintiff Timothy J. Severson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 30, 2010, Plaintiff filed this action seeking a temporary restraining order and a motion for a temporary restraining order. (Docs. 1, 2.) The Court screened the complaint and issued findings and recommendations

1

recommending dismissal of the action, without prejudice, for failure to exhaust administrative remedies on December 9, 2010. (Doc. 8.) In light of the seriousness of Plaintiff's allegations a copy of the order was served on the receiver's office requesting that they check into Plaintiff's situation to ensure that he was not being removed from necessary treatment arbitrarily without a sound medical basis. (Doc. 9.)

On January 4, 2011, Plaintiff filed objections to the findings and recommendations stating that he was being obstructed from exhausting his administrative appeals by prison officials because his inmate appeals were being intentionally delayed and that none of the inmate appeals he filed had been heard at any level. (Doc. 11.) Due to Plaintiff's allegations that officials were obstructing his ability to exhaust administrative remedies, the Court vacated the findings and recommendations issued on December 9, 2010. On January 20, 2011, an order finding cognizable claims was issued simultaneously with an order serving the complaint on Defendant Taherpour. (Docs. 13, 14.)

On January 24, 2011, Plaintiff filed a motion for a stay and abeyance because he was interviewed on his administrative grievance on January 4, 2011, and was notified that his grievance was partially granted. (Doc. 16.) Plaintiff stated that he wanted the complaint considered after he had completed the administrative remedies process. On January 25, 2011, the Court issued an order recalling the order directing service and findings and recommendations recommending this action be dismissed for failure to exhaust administrative remedies. (Doc. 17, 19.) On January 31, 2011, Plaintiff filed a motion to withdraw his motion for a stay and abeyance. (Doc. 20.) Objections to the findings and recommendations were filed on February 16, 2011. (Doc. 22.)

**II.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). "

### III.  Plaintiff's Allegations

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Pleasant Valley State Prison ("PVSP"). In February 2006, while housed at Folsom State Prison ("FSP"), Plaintiff reinjured his lower back while loading trash bags into a truck during his work assignment. (Doc. 1, ¶ 23.) An M.R.I. was performed and a neurosurgeon was consulted. (Id., ¶¶ 25-27.) In July 2008, Plaintiff was referred to a pain management specialist who recommended treatment which was followed by medical personnel at FSP. (Id., ¶ 28.) On March 4, 2009, Plaintiff was referred to another pain management specialist and in September 2009, the specialist performed a epideral steriod injection and prescribed "an experimental pain management 'drug cocktail.'" (Id., ¶¶ 30-32.) On September 30, 2009, Plaintiff was declared to be mobility impaired due to his chronic lower back pain and "mandated" to be transferred to PVSP Medical Facility. (Id., ¶ 33.) Plaintiff was transferred to PVSP on February 10, 2010. (Id., ¶ 1.)

Plaintiff states that since he arrived at PVSP he has been denied meaningful treatment as medical personnel have only provided him with pain management medication, not the long term pain management regimen that was prescribed at FSP. (Id., ¶34.) Plaintiff has submitted approximately twenty six health care request forms while at PVSP. He has been suffering from acute rectal pain

with involuntary bowel movements and urination since March 2010, and experiencing difficulty sleeping and performing daily functions due to his "extreme, debilitating lower back pain." (Id., ¶¶ 8-9.) Plaintiff alleges that Defendant Igbinosa, Chief Medical Officer, ordered medical staff not to process any health care service requests for appointments to renew pain management medication prescriptions. (Id., ¶ 13.)

On September 15, 2010, the Men's Advisory Council sent a letter to Defendant Igninosa alleging that it appeared that a number of men on long term pain medication were being taken off of or cut back on their medication. The letter stated that Defendant Chokatos was consistently denying or reducing pain medication. (Id., pp. 47-49.)

On September 21, 2010, Plaintiff was seen by Defendant Taherpour for routine pain management to have his prescription renewed. Defendant Taherpour discontinued part of the pain management drug therapy. Plaintiff was concerned that he would be unable to sleep without the medication and Defendant Taherpour advised Plaintiff that he would be able to get the medication again, but to give the new treatment some time. (Id., ¶14.) On September 24, 2010, Plaintiff became aware that Defendant Taherpour was not going to renew his pain management prescriptions and submitted nine health care request forms to have another doctor renew his prescriptions before they expired on October 2, 2010. (Id., ¶ 17.)

On October 2, 2010, his medication had not been renewed and Plaintiff suffered narcotic withdrawal, as well as intense pain. (Id., ¶ 18.) On October 4, 2010, Plaintiff was forced to walk to the medical department and passed out from the pain. (Id., ¶ 19.) Due to the intense pain Plaintiff had an abnormally high blood pressure reading, which he alleges caused him to be at an increased and unnecessary risk of stroke or heart attack. (Id., ¶ 20.)

Defendants Chokatos and Fortune are PVSP medication personnel and are assigned as primary care providers for Plaintiff and C-Facility. (Id., ¶ 4.) Plaintiff brings this action against Defendants Igbinosa, Chokatos, Fortune, and Taherpour for deliberate indifference to his medical needs in violation of the Eighth Amendment. He is seeking a preliminary injunction and temporary restraining order to stay Defendants from changing his pain management prescriptions until the inmate appeals process has been exhausted. (Id., § V.) Plaintiff's complaint is sufficient to state a

cognizable claim against Defendant Taherpour for deliberate indifference to his medical needs, but fails to state a claim as to any other named defendant.

### IV. Discussion

#### A. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010) (quoting Jett, 439 F.3d at 1096).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Conn, 591 F.3d at 1095 (quoting Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard." Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

A difference of opinion between a prisoner and prison medical authorities as to proper treatment does not give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). Additionally, a difference of opinion between medical providers regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To state a claim under these conditions requires the plaintiff "show that the course of treatment the doctors choose was medically unacceptable under the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff's allegation that Defendant Taherpour allowed his narcotic medication to expire

causing him to suffer withdrawal symptoms is sufficient to state a cognizable claim. Plaintiff provides a letter sent by the Men's Advisory Council to Defendant Igbinosa alleging that it appeared that Defendant Chokatos was consistently denying or removing long term pain medication from some inmates. However, the complaint does not allege that Defendant Chokatos treated Plaintiff or had anything to do with the decision to change Plaintiff's medication. Plaintiff states no facts to support his allegation that Defendant Igbinosa ordered that no medical requests for renewal of pain medications be processed. Neither Defendant Igbinosa nor Chokatos has been linked to any knowledge of Plaintiff's medical need or an act or failure to act in response. Conn, 591 F.3d at 1095; Iqbal, 129 S. Ct. at 1948. The factual allegations in the complaint do not mention Defendant Fortune, other than to state he was a physician at the facility, which is insufficient to state a cognizable claim.

### B. Findings and Recommendations Recommending Action Be Dismissed For Failure to Exhaust Administrative Remedies

Plaintiff objects to this action being dismissed based upon the prison officials "intentionally delaying or obstructing" his inmate appeals. (Doc. 22, ¶ 1.) Plaintiff alleges that his appeals have not been processed within the time constraints established by the California Code of Regulations, due to these delays he has exhausted all administrative remedies available. (Id., ¶¶ 2, 5.) Plaintiff claims that "the appeals process is not [a]vailable' in any real or practical sense." (Id., ¶ 5.)

Although in his previous pleading, filed January 24, 2011, Plaintiff stated his appeal had been partially granted, once again Plaintiff is alleging that he is not being provided with any medical treatment and has been completely removed from his pain management medication. (Id., ¶ 13.) Plaintiff submits a copy of the appeal filed September 29, 2010, to show that prison officials are refusing to process his inmate appeals and he has exhausted his administrative remedies. (Id., ¶ 4.) Plaintiff failed to enclose a copy of the appeal which was partially granted.

#### 1. Plaintiff's Appeal

Plaintiff filed this appeal on September 29, 2010. In the appeal he mentions that he saw Dr. Taherpour for a routine pain management prescription refill and the doctor failed to renew his pain management medication. On September 28, 2010, Plaintiff notified Correctional Officer ("CO")

6

Gonzalez of Dr. Taherpour's negligence and requested that he be seen by a doctor as an add-on to the medication line to refill his prescription which was due to expire. C/O Gonzalez refused to help him. (Id., p. 14.) Plaintiff complained that CO Gonzalez is failing to report abuse and mistreatment of inmates. He alleged that by failing to filing reports of abuse that CO Gonzalez is aware of that he is "guilty/liable for that abuse." (Id., p. 15.) Plaintiff stated that CO Gonzalez refused to file reports because he said it was a medical issue, however CO Gonzalez has an obligation to report instances of inmate abuse. Inmates are being medically abused and officers assigned to the C-Facility Medical unit are allowing it to happen. (Id.)

On November 1, 2010, Plaintiff's appeal was returned because it did not meet the criteria for assignment as a staff complaint and informed him that he needed to clarify how CO Gonzalez adversely affected Plaintiff's welfare. (Id., p. 13.) On November 14, 2010, Plaintiff resubmitted the appeal with a letter stating that the officer ignored his legitimate concerns and they needed to read the whole complaint because his appeal was "pretty clear." The officer had a duty to report abuse of prison inmates. (Id., p. 12.) On December 6, 2010, Plaintiff's appeal was again returned for the same reason, giving the same instruction. (Id., p. 11.)

On December 24, 2010, Plaintiff resubmitted the report with a letter stating that it was adverse to his welfare when an officer fails to report inmate abuse that is brought to their attention. He brought a situation where he was being abused by a doctor to C/O Gonzalez' attention and C/O Gonzalez should have reported it. (Id., p. 10.) On January 7, 2011, Plaintiff's appeal was again returned for the same reason, repeating the instruction that he needed to clarify how C/O Gonzalez adversely affected Plaintiff's welfare since he is not responsible for prescribing medication or medical treatment of Plaintiff. (Id., p. 9.) On January 19, 2011, Plaintiff's appeal was similarly returned and the appeal was cancelled. (Id., p. 7.)

Plaintiff argues in his objection that the Court agreed with Plaintiff that prison officials were obstructing his administrative remedies by issuing the prior order. Plaintiff is advised that the fact that his complaint was found to state a cognizable claim does not mean that the Court found that he was being obstructed from exhausting his administrative remedies. In evaluating whether Plaintiff was likely to prevail on the merits of his claim the Court cited his failure to exhaust administrative

7

remedies as one of the reasons that he was unlikely to prevail. The order specifically stated that although "Plaintiff alleges that he has been obstructed in exhausting his administrative remedies, the Court is unable to make such a finding based upon the evidence presented." (Doc. 13 at 8:15-17.)

The documents that Plaintiff has submitted with the complaint show that the reason this specific appeal was not considered at any level is due to Plaintiff's failure to comply with the guidelines set forth by the appeals process. Plaintiff alleges that prison officials are refusing to process his appeals. Since prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 611 F.3d 1202, 1204-05 (9th Cir. 2010) (citations omitted), the Court will vacate the findings and recommendations issued January 25, 2011.

### V. Conclusion and Order

Plaintiff's complaint states a cognizable claim against Defendant Taherpour for deliberate indifference in violation of the Eighth Amendment, but does not state any other claims for relief under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant Taherpour on the Eighth Amendment claim, Plaintiff may so notify the Court in writing. The other defendants and claims will then be dismissed for failure to state a claim. Plaintiff will then be provided with one summons and one USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendant Taherpour.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal, 129 S. Ct. at 1950. Further, Plaintiff may not change the nature

of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendant Taherpour on the Eighth Amendment claim;
3. Plaintiff's motion to withdraw his motion for a stay and abeyance, filed January 31, 2011, is GRANTED;
4. Plaintiff's motion for a stay and abeyance, filed January 24, 2011, is WITHDRAWN;
5. The order finding cognizable claims issued January 20, 2011, is VACATED;
6. Th order directing the USM to serve complaint issued January 20, 2011 is VACATED;
7. The findings and recommendations issued January 25, 2011, is VACATED; and
8. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   February 18, 2011

UNITED STATES MAGISTRATE JUDGE