# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. SEVERSON, | CASE NO. 1:10-cv-02217-AWI-GBC PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER |
| v. | |
| F. IGBINOSA, et al., | |
| Defendants. | (Doc. 2) |
| | THIRTY-DAY DEADLINE |

## I.  Procedural History

Plaintiff Timothy J. Severson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 30, 2010, Plaintiff filed this action seeking a temporary restraining order. (Doc. 1.) On the same date Plaintiff filed a declaration in support of preliminary injunction and temporary restraining order and points and authorities in support requesting that prison officials not be allowed to make any changes to his pain medication until the inmate appeals process had been exhausted, alleging he is in fear of imminent serious injury and irreparable harm. (Doc. 2.) The Court construes this document as a motion for a temporary restraining order. The Court screened the complaint and issued findings and recommendations recommending dismissal of the action, without prejudice, for failure to exhaust administrative remedies on December 9, 2010. (Doc. 8.) In light of the seriousness of Plaintiff's allegations a copy of the order was served on the receiver's office requesting that they check into Plaintiff's situation to ensure that he was not being removed from necessary treatment arbitrarily

1  without a sound medical basis. (Doc. 9.)

2  On January 4, 2011, Plaintiff filed objections to the findings and recommendations stating that his administrative appeals were being intentionally delayed by prison officials and that none of the inmate appeals he filed had been heard at any level. (Doc. 11.) Due to Plaintiff's allegations that officials were obstructing his ability to exhaust administrative remedies, the findings and recommendations issued on December 9, 2010, were vacated. On January 20, 2011, an order finding cognizable claims and an order directing service of the complaint on Defendant Taherpour were issued. (Docs. 13, 14.)

On January 24, 2011, Plaintiff filed a motion for a stay and abeyance stating he had been interviewed on his administrative grievance on January 4, 2011, and notified that his grievance was partially granted. (Doc. 16.) Plaintiff advised the Court that he wanted the complaint considered after he had completed the administrative remedies process and could not afford to pay another filing fee. On January 25, 2011, the Court issued an order recalling the order directing service and findings and recommendations recommending this action be dismissed for failure to exhaust administrative remedies. (Docs. 18, 19.) On January 31, 2011, Plaintiff filed a motion to withdraw his motion for a stay and abeyance. (Doc. 20.) Objections to the findings and recommendations were filed on February 16, 2011. (Doc. 22.)

## II. Plaintiff's Motion

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Pleasant Valley State Prison ("PVSP"). Plaintiff has been receiving pain management medication since 2006 due to chronic disabling back pain. He has been seen by numerous physicians, including specialists. In September 2009, Plaintiff was declared mobility impaired. Due to this designation he was transferred from Folsom State Prison ("FSP") to PVSP on February 10, 2010. (Doc. 2, ¶ 2,.) Plaintiff alleges that Defendants are deliberately discontinuing all long term pain management medication from inmates housed at PVSP in an attempt to cut overall health care costs. (Id., ¶ 3.) Since arriving at PVSP Plaintiff has not received any "meaningful medical treatment" and Defendants have discontinued part of Plaintiff's pain management prescriptions. (Id., ¶ 4.) Plaintiff received epidural steroid injections while he was housed at FSP

2

and was told by his treating physician at FSP that treatments would continue at PVSP. Every medical procedure that Plaintiff has requested be provided has been denied at PVSP. (Id., ¶ 5.)

Plaintiff has been suffering from "acute rectal pain, involuntary bowel movements and uncontrolled urination since [approximately] March 2010." (Id., ¶ 6.) Plaintiff has been having difficulty walking, dressing, sitting, standing, etc., and wakes up at 2:30 to 3:00 every morning since Defendant Taherpour discontinued his pain management prescription. Plaintiff is unable to perform normal daily functions due to chronic disabling pain. (Id.)

Plaintiff's current pain management prescriptions are due to expire on December 8, 2010, and Plaintiff has been told that they will be discontinued at that time. Plaintiff requests the Court intervene to prevent him from suffering imminent irreparable physical injury. (Id., ¶ 12.) Plaintiff states that he has overcome the "Imminent Danger of Serious Injury" requirement to overcome the need to exhaust administrative remedies prior to bringing his action to court. (Id., ¶p. 8.)

### III. Discussion

#### A. Injunctive Relief

The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

"A temporary restraining order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." Whitman v. Hawaiian Tug and Barge Corp./Young Bros. Ltd. Salaried Pension Plan, 27 F.Supp.2d 1225, 1228 (D. Haw. 1998). The factors considered for issuing a temporary restraining order are the same as the standards for issuing a preliminary injunction. Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v.

Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010) (quoting Winter, 129 S. Ct. at 374). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

### 1. Irreparable harm

Plaintiff alleges that he has suffered and is likely to continue to suffer injury by being removed from his narcotic medication and suffering withdrawal symptoms. Additionally, since Plaintiff filed this action he was deprived of his medication a second time on December 21, 2010. This could indicate a continuing pattern of conduct by Defendant. However the Court notes the reason the prescription was not refilled on December 21, 2010, was due to Plaintiff missing his medical appointment. Plaintiff had a severe migraine headache and did not go to the medical unit because prison officials would not take him in a wheelchair. (Doc. 11, ¶ 7.)

### 2. Balancing of the Equities

The physical pain and suffering that Plaintiff would endure from being deprived of his medication when balanced with the expense of providing Plaintiff with appropriate medication would tip in Plaintiff's favor.

### 3. Public Interest

Since inmates rely solely on prison officials for their health care, the public interest would be to provide appropriate medical care to inmates.

### 4. Likelihood of Suceeding on the Merits

The likelihood of Plaintiff succeeding on the merits of the case is the issue. Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir.

2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)).

Plaintiff alleges that he has met the imminent danger exception and does not have to exhaust his administrative remedies. However, "exhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5). There is no exception to the exhaustion requirement for imminent harm. The Court found that it was clear from the face of Plaintiff's complaint that he has not yet exhausted his administrative remedies and recommended that this action be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)

While Plaintiff alleges that he has been obstructed in exhausting his administrative remedies, the Court is unable to make such a finding based upon the evidence presented. The inmate appeal which Plaintiff filed in his pleadings to show that he is being obstructed from exhausting administrative remedies reveals that the appeal was screened out for failure to comply with the guidelines. Plaintiff did not provide the Court with the grievance which was partially granted. The only evidence before the Court is the grievance showing that it was processed out at the screening stage for failure to comply with procedures. This is insufficient to establish that prison officials are deliberately obstructing Plaintiff's administrative grievances.

Plaintiff's allegation that he was informed by "someone" that his medications will be discontinued is speculative. Additionally, the symptoms that Plaintiff complains of were present in March 2010, prior to his medication being changed in September 21, 2010, which is the date he alleges in his complaint. Doc. 1, Compl., § 14.

While Plaintiff's allegations are to be liberally construed, the Court cannot help but notice that Plaintiff's allegations have been contradictory. In his multiple pleadings Plaintiff claims that he is being denied all medical treatment, yet at the same time he states he is only receiving pain medication. It is clear that Plaintiff is being prescribed pain medication, although on two occasions his prescriptions were allowed to expire for several days. It appears from the allegations in the

5

complaint and the other pleadings filed by Plaintiff in this action that he is receiving medication but is desiring a different specific medication to treat his pain and is afraid that Defendants are going to discontinue his medication in the future. Where Plaintiff is merely disagreeing with the physician on how he is being treated he would be unlikely to prevail on the merits of his claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970)

Plaintiff is contending that he is not being provided the treatment that was recommended and began at FSP. The mere difference in opinion between medical providers as to the treatment provided is also not sufficient to allow Plaintiff to prevail in this action. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To state a claim under these conditions requires the plaintiff "show that the course of treatment the doctors choose was medically unacceptable under the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Since Plaintiff was suffering from "acute rectal pain, involuntary bowel movements and uncontrolled urination" while on the medication it does not appear that changing his medication would be medically unacceptable. Plaintiff has failed to make a clear showing that he entitled to relief and the motion for a preliminary injunction and temporary restraining order should be denied.

### III. Conclusion and Recommendation

Accordingly it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction and temporary restraining order be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

///
///
///
///

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 18, 2011

UNITED STATES MAGISTRATE JUDGE