# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. SEVERSON, | CASE NO. 1:10-cv-02217-AWI-GBC PC |
| Plaintiff, | ORDER DIRECTING CLERK TO FILE RECEIVER'S INFORMAL RESPONSE UNDER SEAL |
| v. | |
| F. IGBINOSA, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff Timothy J. Severson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 30, 2020, Plaintiff filed a complaint and motion for a preliminary injunction and temporary restraining order alleging that he was being denied of pain medication amounting to deliberate indifference in violation of the Eighth Amendment.  Due to the seriousness of Plaintiff's allegations the Court requested that the Receiver's Office check into the situation to ensure that Plaintiff was not being removed from a necessary, effective treatment protocol arbitrarily and without a sound medical basis.  The Court is in the possession of the Receiver's Office informal response re Court's request for review of medical care.  A copy of the document was served on Plaintiff and the Office of the Attorney General.  On March 3, 2010, the Court issued an order giving Plaintiff an opportunity to address whether the document should be filed under seal.  On March 21, 2011, Plaintiff filed a response objecting to the document being filed and requesting the document be filed under seal if it is filed in this action.

The courts recognize a presumption of public access to court records based on common law

1 and First Amendment grounds.  The public therefore normally has the right to inspect and copy
2 documents filed with the court.  See Doe v. Kamehameha Schools, 596 F.3d 1036, 1043-44 (9th Cir.
3 2010); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  To
4 overcome the presumption that the public has the right to access, the party requesting records be
5 sealed must "articulate[ ] compelling reasons supported by specific factual findings, that outweigh
6 the general history of access and the public  policies favoring disclosure, such as the " 'public interest
7 in understanding the judicial process." Kamakana, 447 F.3d at 1178-79 (internal citations omitted).
8 The court must then "'conscientiously balance[ ] the competing interests' of the public and the party
9 who seeks to keep certain judicial records secret."  Id. at 1179 (quoting Foltz v. State Farm Mut.
10 Auto. Ins. Co., 331 F.3d 1135, 1135 (9th Cir. 2003)).  "In light of the weaker public interest in non
11 dispositive materials," a different standard applies to private materials unearthed during discovery or
12 previously sealed documents attached to nondispositive motions.  Pintos v. Pacific Creditors Ass'n,
13 605 F.3d 665,678 (9th Cir. 2010).  In determining if the discovery materials or nondispositive
14 documents should be sealed the court applies a good cause standard.  Id.

15         The Supreme Court has acknowledged that the decision to seal documents is "one best left
16 to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and
17 circumstances of the particular case."  Nixon v. Warner Communications, Inc., 435 U.S. 589, 599
18 (1978).  After taking all relevant factors into consideration, the district court must "base its decision
19 on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis
20 or conjecture."  Kamakana,.447 F.3d at 1179 (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th
21 Cir. 1995)).  The Local Rules allow the court to seal documents only upon written order.  Local Rule
22 141(a).  Generally, the contents of such documents are of a nature that require the court to maintain
23 the confidentiality of the document.  For example, the contents may reveal information that may
24 jeopardize the safety or privacy of particular individuals.

25         While Plaintiff objects to the response from the Receiver's Office being filed, the Court will
26 file the document as it is responsive to a request made by the Court.  The document at issue here is
27 not dispositive, and the Court will apply a good cause standard in determining if it should be filed
28 under seal.  Records may be sealed to "protect a party or person from annoyance, embarrassment,

1 oppression, or undue burden or expense . . . . Fed. R. Civ. Proc. 26(c).The Court finds that the document contains protected medical information.  The Court finds that in this case the disclosure of the document would be against the public interest because the need to protect confidential medical information outweighs any necessity for disclosure.  Due to the privacy concerns attached to medical records, there is good cause to file this document under seal to protect Plaintiff's privacy.  It is the practice of this Court to maintain case documents under seal for an undetermined time period, until they are ordered unsealed by the Court

Accordingly, it is HEREBY ORDERED that the Clerk of Court is DIRECTED to file under seal the Receiver's informal response re Court's request for review of medical care, until it is ordered unsealed by the Court.

IT IS SO ORDERED.

Dated:   March 29, 2011

UNITED STATES MAGISTRATE JUDGE