1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY L. SEVERSON, | CASE NO. 1:10-cv-02217-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| F. IGBINOSA, et al., | Doc. 30 |
| Defendants. | |
| _____ / | OBJECTIONS DUE WITHIN THIRTY DAYS |

### Findings and Recommendations

### I. Procedural History and Allegations in Plaintiff's First Amended Complaint

On November 30, 2010, Plaintiff Timothy L. Severson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Compl., Doc. 1. On March 21, 2011, Plaintiff filed a one-hundred and seventeen page first amended complaint, including exhibits, alleging Eighth Amendment deliberate indifference to serious medical need. Am. Compl., Doc. 30. In Plaintiff's complaint, he states that his denial of medical care has been occurring from September 2010 to March 2011. *Id.* at 2. Plaintiff alleges that on September 21, 2010, Plaintiff questioned Defendant Doctor Taherpour's decision to discontinue Plaintiff's morphine drug cocktail for pain management therapy. *Id.* at 9-10. After Defendant Taherpour terminated Plaintiff's morphine prescription, Plaintiff suffered prolonged spine pain and severe narcotic withdrawals. *Id.* at 10. On October 4, 2010, Plaintiff passed out from the pain and was transported to the Pleasant Valley State Prison ("PVSP") Central Treatment Center ("CTC"), where he was given morphine for the pain. *Id.* at 13. The CTC doctors gave Plaintiff a two week

prescription for morphine. *Id*. On October 11, 2010, Dr. Longia gave Plaintiff a sixty day prescription for morphine, which would expire December 9, 2010. *Id*. at 13-14.

On November 30, 2010, Plaintiff filed this civil action. Compl., Doc. 1. On December 9, 2010, Plaintiff's morphine prescription was extended to December 21, 2010. Am. Compl. at 14, Doc. 30. On December 22, 2010, Plaintiff was again transported to CTC and provided an injection of Toradol. *Id*. at 15. Until December 27, 2010, Plaintiff suffered approximately one week of narcotic withdrawals. *Id*. On December 29, 2010, Plaintiff submitted a reasonable modification or accommodation request for his narcotic prescription. *Id*. at 38-39. On January 24, 2011, Defendant Fortune informed Plaintiff that his prescription would be renewed for an additional thirty days. *Id*. at 17. On January 27, 2011, Defendant Chokatos informed Plaintiff that his narcotic pain medication would be progressively decreased in increments and then terminated. *Id*. Plaintiff alleges they are terminating his pain medication in retaliation for filing this lawsuit. *Id*. Plaintiff attached inmate appeals to his amended complaint, filed on September 29, 2010; October 3, 2010; and January 5, 2011. *Id*. at 29-37. On January 18, 2011, the Appeals Coordinator responded to one of Plaintiff's appeals, stating it was screened out as duplicative. *Id*. at 41. On January 22, 2011, Plaintiff mailed a letter to the Appeals Coordinator regarding the accommodation request for his narcotic prescription. *Id*. at 40. On February 18, 2011, Plaintiff received a partial grant on one of his inmate appeals. *Id*. at 2 & 34. On February 18, 2011, Plaintiff received a denial on his other inmate appeal. *Id*. at 37. On March 7, 2010 and 10, 2011, Plaintiff submitted an appeal to second level review, stating he was unsatisfied with the responses. *Id*. at 34 & 37. On Plaintiff's amended complaint, he admits that he did not exhaust his administrative remedies, but he contends that his appeals are being intentionally delayed. *Id*. at 2.

## II. Failure to Exhaust Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is

1   therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548

2   U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion

3   requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This

4   means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an

5   agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be

6   satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or

7   appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be

8   "plain, speedy and effective." *Porter v. Nussle*, 435 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40

9   & n.5.

10   It is the prison's requirements, and not the PLRA, that define the boundaries of proper

11   exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and

12   Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging

13   misconduct by correctional officers or "any departmental decision, action, condition, or policy which

14   they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15,

15   §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a

16   prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[1] working days

17   from the date the administrative decision or action being complained of, and proceed through several

18   levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2)

19   first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal

20   level appeal filed with the institution head or designee; and (4) third formal level appeal filed with

21   the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262,

22   1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v.*

23   *Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed

24   more than fifteen working days after deadline).

25   A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no

26   exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th

27

28   _____

   [1] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

Cir. 2003).  The Court may review exhibits attached to the complaint that may contradict Plaintiff's assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  In deciding . . . failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

### B. Analysis

It is apparent on the face of Plaintiff's amended complaint that he did not exhaust his administrative remedies prior to bringing this lawsuit. *See* Am. Compl, Doc. 30. Plaintiff filed this civil action in November 2010, and his amended complaint contains allegations from September 2010 through the date he filed his amended complaint in March 2011. *Id.* at 2, 9-10, 13-15, 17, 29-39. Moreover, Plaintiff admits he did not exhaust his administrative remedies but contends that he should be excused because of Defendants' failure to provide an immediate response. *Id.* at 2. However, Plaintiff's complaint contains allegations that Plaintiff was receiving medical attention from September 2010 through March 2011, when he filed his amended complaint. *Id.* at 2, 9-10, 13-15, 17, 29-39. In addition, on February 18, 2011, Plaintiff received a partial grant on one of his inmate appeals. *Id.* at 2 & 34. Finally, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 435 U.S. at 524; *Booth*, 532 U.S. at 739-40 & n.5.

> In *McCray v. Williams*, 357 F. Supp.2d 774, 779 & n.1 (D. Del. 2005), an inmate plaintiff alleged a medical emergency in a § 1983 action and sought relief from the requirement of exhausting administrative remedies prior to bringing his federal court action, and the court noted that it could find "no caselaw supporting the proposition that exceptions should be made based upon the nature of the complaint." Neither can this court uncover an emergency exception for safety reasons, even assuming such an exigency existed, for plaintiff's having filed this action prematurely with respect to certain of his claims.

*Jones v. Sandy*, 2006 WL 355136 (E.D. Cal. Feb. 14, 2006). In *Ngo*, the Supreme Court held that full and "proper exhaustion of administrative remedies is necessary." *Id.* at 84. While the Supreme Court recognized that this may be harsh, it noted that pro se prisoners who litigate in federal court will likewise be "forced to comply with numerous unforgiving deadlines and other procedural requirements." *Id.* at 103. The Supreme Court recognized that this will prevent certain prisoner cases

from proceeding, but notes that a "centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an 'invigorated' exhaustion provision, § 1997e(a)." *Id.* at 84 & 103. "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85.

It is apparent on the face of Plaintiff's amended complaint that he did not exhaust his administrative remedies prior to bringing this lawsuit. *See* Am. Compl, Doc. 30. Moreover, Plaintiff concedes he did not exhaust his administrative remedies. *Id.* at 2. Thus, Plaintiff failed to exhaust all his mandatory administrative remedies against Defendants prior to initiating this action, which requires mandatory dismissal, in accordance with § 1997e(a) and *Ngo*.

### III. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      This action is DISMISSED, without prejudice, for Plaintiff's failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a); and

2.      The Clerk of the Court is directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    March 19, 2012

_____
UNITED STATES MAGISTRATE JUDGE