# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY J. SEVERSON, | CASE NO. 1:10-cv-02217-AWI-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE AS TO WHY THIS ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S CONCESSION OF FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| F. IGBINOSA, et al., | |
| Defendants. | Docs. 16, 30, 38 |
| / | TWENTY-ONE DAY DEADLINE |

**I. Procedural History**

On November 30, 2010, Plaintiff Timothy L. Severson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On January 4, 2011, Plaintiff received a partial grant on one of his inmate appeals. Am. Compl. at 2 & 34, Doc. 30; Mot. Stay at 1, Doc. 16. On January 24, 2011, Plaintiff filed a "motion to stay pending exhaustion." Mot. Stay at 1, Doc. 16. In Plaintiff's motion to stay, Plaintiff requested this Court to stay proceedings, pending exhaustion of his inmate appeal. *Id.* at 1-2.

On March 7, 2011 and March 10, 2011, Plaintiff submitted an appeal to second level review, stating he was unsatisfied with the responses. Am. Compl. at 34 & 37, Doc. 30. On March 21, 2011, Plaintiff filed a First Amended Complaint, alleging Eighth Amendment deliberate indifference to serious medical need. Doc. 30. In Plaintiff's amended complaint, he admits that he did not exhaust his administrative remedies, but he contends that his appeals are being intentionally delayed. *Id.* at 2.

On March 20, 2012, the Court issued Findings and Recommendations, recommending dismissal of this action, without prejudice, for failure to exhaust administrative remedies. Doc. 38. Plaintiff has not filed any objections to the findings and recommendations.

## II. Failure to Exhaust Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is therefore mandatory, and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). The PLRA's exhaustion requirement requires "proper exhaustion" of administrative remedies. *Ngo*, 548 U.S. at 93. This means "[p]risoners must now exhaust all 'available' remedies," *id.* at 85, in "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90–91. The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* Further, the remedies "available" need not meet federal standards, nor need they be "plain, speedy and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth*, 532 U.S. at 739-40 & n.5.

It is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to file administrative appeals alleging misconduct by correctional officers or "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." *See* Cal. Code Regs. tit. 15, §§ 3084.1(a) & (e). In order to exhaust all available administrative remedies within this system, a prisoner must submit his complaint as an inmate appeal on a 602 form, within fifteen[1] working days from the date the administrative decision or action being complained of, and proceed through several

---

[1] As of July 2011, inmates have thirty calendar days to file appeals. § 3084.8(b).

levels of appeal: (1) informal level grievance filed directly with any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third formal level appeal filed with the CDCR director or designee. *Id.* at §§ 3084.5 & 3084.6(c); *Brodheim v. Cry*, 584 F.3d 1262, 1264–65 (9th Cir. 2009); *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (*Ngo II*) (finding claims unexhausted where filed more than fifteen working days after deadline).

A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003). The Court may review exhibits attached to the complaint that may contradict Plaintiff's assertions in the complaint. *Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). In deciding . . . failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

### III. Analysis

A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies. 42 U.S.C. § 1997e(a); *Wyatt*, 315 F.3d at 1120. The Court notes that on January 24, 2011, Plaintiff filed a "motion to stay pending exhaustion." Mot. Stay at 1, Doc. 16. In Plaintiff's motion to stay, Plaintiff requested this Court to stay proceedings, pending exhaustion of his inmate appeal. *Id.* at 1-2. Thus, Plaintiff conceded non-exhaustion prior to the filing of this complaint. "[A] district court must dismiss a case without prejudice 'when there is no pre-suit exhaustion,' even if there is exhaustion while suit is pending." *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005), *cert. denied*, 549 U.S. 1204 (2007) (quoting *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (per curiam)).

//
//
//

### IV. Conclusion

Based on the foregoing, it is HEREBY ORDERED that within **twenty-one (21) days** of the service of this order, Plaintiff SHALL SHOW CAUSE as to why this action should not be dismissed, without prejudice, for Plaintiff's concession of failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

IT IS SO ORDERED.

Dated:   July 18, 2012

UNITED STATES MAGISTRATE JUDGE